# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

LEROYAL L. STEVENSON AND
YOLANDA STEVENSON

VERSUS

BRADY JOSEPH MILES AND
NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA

CONSOLIDATED WITH

LLOYD THOMAS

VERSUS

GOAUTO INSURANCE COMPANY, ET
AL

NO. 2024 CW 0356

JULY 18, 2024

---

In Re:   GoAuto Insurance Company, applying for supervisory
         writs, 23rd Judicial District Court, Parish of
         Ascension, No. 134894 c/w 136123.

---

**BEFORE:   WOLFE, HESTER, AND MILLER, JJ.**

**WRIT GRANTED IN PART AND DENIED IN PART.** The March 22, 2024 judgment denying the motion for summary judgment filed by GoAuto Insurance Company ("GoAuto") is reversed in part. In seeking coverage under an insurance policy, Louisiana law places the burden on the plaintiff to establish every fact essential to recovery and to establish that the claim falls within the policy coverage. **Parekh v. Mittadar**, 2011-1201 (La. App. 1st Cir. 6/20/12), 97 So.3d 433, 437. On de novo review, we find plaintiff failed to produce factual support sufficient to establish the existence of a genuine issue of material fact or that GoAuto is not entitled to judgment as a matter of law as to its liability for coverage of the alleged acts of Brady Miles. The GoAuto policy limits liability coverage to damages for which a "covered person" is legally liable. Brady Miles was not a "covered person" as defined by the GoAuto policy as the U-Haul truck was not shown to be a temporary substitute vehicle for the insured auto, Michell's 2017 Ford Mustang. Therefore, summary judgment is granted in favor of GoAuto Insurance Company, dismissing the claim of plaintiff, Lloyd Thomas, asserting coverage under the GoAuto policy for damages caused by the alleged acts of Brady Miles. The writ is denied as to the potential liability of GoAuto for coverage of the alleged acts of Michell Thomas. Summary judgment may be rendered only as to those issues set forth in the motion under consideration by the court. See La. Code Civ. P. art. 966(F).

EW
CHH
SMM

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
    FOR THE COURT